IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TOJUANNA RHEUNEA BROWN,**

       Plaintiff,

v.                                                                        Civil Action No. **3:15cv411**

**TERENCE MCAULIFFE, Governor of Commonwealth
of Virginia, and
BARACK OBAMA, President, United States**

       Defendants.

## **MEMORANDUM OPINION**

Tojuanna Rheunea Brown, proceeding *pro se*, submitted this civil action and applied to proceed *in forma pauperis*. (ECF Nos. 1–2.) By Memorandum Order entered on August 4, 2015, the Court conditionally docketed Brown's civil action. At that time and because of the irregularities in the *in forma pauperis* requests submitted by Brown,[1] the Court directed her to submit a statement under oath or penalty of perjury that:

        (A)    Identifies the nature of the action;
        (B)    States her belief that she is entitled to relief;
        (C)    Avers that she is unable to prepay fees or give security therefor; and,
        (D)    Includes a statement of the assets she possesses.

(Mem. O. Aug. 4, 2015 ¶ 2(A)–(D), ECF No. 3.) The Court provided Brown with an *in forma pauperis* affidavit form for this purpose. The Court warned Brown that a failure to complete the

---

[1] On July 10, 2015, Brown submitted her first *in forma pauperis* affidavit ("First IFP Request"). (ECF No. 1.) Brown did not complete the portion of the affidavit that says: "I declare under penalty of perjury that the foregoing is true and correct. Executed on _____." (*Id.* at 1.) Brown signed the document elsewhere. On July 15, 2015, before this Court ruled on Brown's First IFP Request, Brown submitted a "Motion to Proceed without payment of Fees" ("Second IFP Request"). (ECF No. 2.) Brown signed this document but did not swear to it or sign it under penalty of perjury. (*Id.*) Brown submitted a Complaint with her First IFP Request and submitted an Amended Complaint with her Second IFP Request.

affidavit in its entirety within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

On September 3, 2015, Brown submitted a "Motion to Proceed and Prouncement" ("Prouncement"). (ECF No. 5.) Brown did not return a completed *in forma pauperis* affidavit with the Prouncement. In the Prouncement, Brown "moves this [C]ourt to proceed without being required to prepay fees, costs, give security or dishonor all ancestry and the true laws by completing obscured Roman Cult religious documents under Scientiam Mysteria (Occult Knowledge) *such as an affidavit*."[2] (Mot. 1 (emphasis added), ECF No. 5.)

Brown has not complied with the August 4, 2015 Memorandum Order of this Court. She has failed to return the *in forma pauperis* affidavit. As a result, she does not qualify for *in forma pauperis* status. Furthermore, she has not paid the statutory filing fee for the instant action. *See* 28 U.S.C. § 1914;[3] United States District Court – Eastern District of Virginia Clerk's Office Fees 1 (noting filing fee of $400 for complaints), *available at* http://www.vaed.uscourts.gov/formsandfees/2014%20Fee%20Schedule.pdf (last accessed September 4, 2015). Such conduct demonstrates a willful failure to prosecute. *See* Fed. R. Civ. P. 41(b).

---

[2] Brown ends her Prouncement by saying: "It is agreed, under penalty of perjury under the supreme laws by which the original sacred land of the united states of America were declared sovereign, free and independent, that the foregoing is true and correct based on current knowledge." (Mot. 3.) Such a statement fails to transform the Prouncement into an affidavit that this Court can rely on for purposes of 28 U.S.C. § 1915(a)(1), which "authorize[s] the commencement . . . of any suit . . . without prepayment of fees or security . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Hogge v. Stephens*, No. 3:09cv582, 2011 WL 2161100, at *2–3 & n.5 (E.D. Va. June 1, 2011) (treating statements sworn to under penalty of perjury, but made upon information and belief as "'mere pleading allegations'" (quoting *Walker v. Tyler Cnty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2011))).

[3] Section 1914 permits the clerk of court to require parties instituting a civil action to pay filing fees.

Accordingly, this action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 9-8-15